O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

```
VICKIE JEAN LILLARD,              )   Case No. CV 10-6856-MLG
                                  )
              Plaintiff,          )   MEMORANDUM OPINION AND ORDER
                                  )
       v.                         )
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of the Social        )
Security Administration,          )
                                  )
                                  )
              Defendant.          )
_____)
```

Plaintiff Vickie Jean Lillard seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Social Security Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

I. **Background**

Plaintiff was born on September 6, 1950 and was 58 years old at the time of the administrative hearing. (AR 67, 118.) She has a high school education and has work experience as a cashier, data entry clerk,

dishwasher and stock clerk. (AR 64, 71.)

Plaintiff filed her application for SSDI and SSI benefits on July 7, 2006, alleging disability commencing January 2, 2005 due to lower back pain, arthritis, and depression. (Administrative Record ("AR") 43-45, 60.) Plaintiff's application was denied initially on January 3, 2007 and upon reconsideration on February 20, 2008. (AR 32-36, 40-42.) An administrative hearing was held via video on July 9, 2009 before Administrative Law Judge ("ALJ") Patti L. Hunter. Plaintiff, who was represented by a non-attorney representative, testified, as did a vocational expert ("VE"). (AR 375-400.)

On August 3, 2009, ALJ Hunter denied Plaintiff's application for benefits. (AR 17-24.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 19.) The ALJ found that Plaintiff had the following severe impairments: depression, anxiety, mild degenerative arthritis of the knees and hands, degenerative arthritis of the lumbar spine, and substance abuse in sustained remission. (Id.) However, the ALJ determined that Plaintiff's impairments did not meet or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 20.)

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following exceptions: "no frequent stooping, kneeling, crouching, crawling, climbing ropes, ladders, scaffolding, or balancing and moderate limitations: dealing with the public; maintaining attention and concentration; understanding, remembering, and carrying out complex and detailed job instructions; and in her ability to maintain a persistent work pace." (AR 22.) It was determined that Plaintiff was able to perform her past relevant work as

a data entry clerk and as a retail cashier. (AR 24.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(f). (Id.)

On July 20, 2010, the Appeals Council denied review (AR 6-8), and Plaintiff timely commenced this action for judicial review. On April 1, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, in which Plaintiff claims that (1) the ALJ improperly evaluated Plaintiff's RFC and her ability to perform past relevant work; (2) the ALJ failed to fully and properly develop the record; and (3) the ALJ improperly discredited Plaintiff's testimony and that of a third party. (Joint Stip. 3.) Plaintiff asks the Court to order an award of benefits, or in the alternative, remand for further proceedings. (Joint Stip. 31.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. 32.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds that the ALJ erred by failing to include the mental limitations found by the examining psychologist in the RFC, or alternatively, by failing to explain why she did not include these limitations in the RFC despite giving great weight to the examining psychologist's opinion. Accordingly, this matter shall be remanded for further proceedings consistent with this opinion.[1]

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal

---

[1] The Court will only address in detail the ALJ's error in failing to address the mental limitations found by the examining psychologist. The Court will not decide whether any of the remaining issues would independently warrant relief. Upon remand, the ALJ may wish to consider the other issues raised by Plaintiff.

error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports the ALJ's finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III. Discussion

Plaintiff contends the ALJ erred by failing to include certain mental limitations found to exist by the examining psychologist in the RFC finding. (Joint Stip. 4.) Plaintiff further argues that, as a result of the ALJ's failure to include these limitations in the hypothetical question posed to the VE, the ALJ also erred in finding her capable of performing her past relevant work. (Id.)

The ALJ rejected the opinions of Plaintiff's treating physicians, both of whom opined that Plaintiff was disabled, finding that they were inconsistent with the evidence in the record. (AR 23, 307-309, 352.) The ALJ stated that she was giving "greater weight" to the opinion of the examining consultative psychologist, Marne Ann Trevisano, Ph.D. (AR 23.)

Dr. Trevisano diagnosed Plaintiff with severe major recurrent depression and assessed her with a Global Assessment of functioning ("GAF") score of 48.[2] Dr. Trevisano also opined that Plaintiff's ability to carry out simple instructions was "poor," that she was not capable of handling her own funds, and that Plaintiff had a mental impairment that would limit her ability to engage in work activity. (AR 200-205.)

Despite giving "greater weight" to Dr. Trevisano's opinion than to those of Plaintiff's treating physicians, the ALJ did not include any of the significant mental limitations found by Dr. Trevisano in the RFC assessment. Rather, the ALJ assessed Plaintiff as having only "moderate limitations" in dealing with the public; maintaining attention and concentration; understanding, remembering, and carrying out complex and detailed job instructions; and in her ability to maintain a persistent work pace. (AR 22.)

The Commissioner is directed to weigh medical opinions based in part on their source, specifically, whether proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating professional, who has had a greater opportunity to

---

[2] The GAF Scale provides a measure for an individual's overall level of psychological, social, and occupational functioning. Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 30 (4th ed. 1994). The Scale "may be particularly useful in tracking the clinical progress of individuals in global terms, using a single measure." *Id.* A GAF range of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id.* at 32.
However, despite its usefulness as a tool for psychological assessment, a GAF score is not determinative of mental disability or limitation for social security purposes. 65 Fed.Reg. 50746, 50764-50765 (Aug. 21, 2000) ("The GAF score does not have a direct correlation to the severity requirements in our mental disorders listings.")

know and observe the patient as an individual, than the opinion of a non-treating professional. *See id.; Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The Commissioner must also consider whether a medical opinion is supported by clinical findings and is contradicted by other medical evidence of record. The Commissioner may reject the uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. *See Lester*, 81 F.3d at 831.

Here, the ALJ did not provide any explanation, let alone "clear and convincing reasons," for the failure to include the mental limitations found by Dr. Trevisano in the RFC assessment. If the ALJ disagreed with the mental limitations found by Dr. Trevisano, then she was required to provide specific reasons for rejecting Dr. Trevisano's opinion.

Nor can the Court say with confidence that this error was harmless. *See Stout v. Commissioner*, 454 F.3d 1050, 1052 (9th Cir. 2006) (error is not harmless unless the court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). Here, the ALJ based her conclusion that Plaintiff could perform her past relevant work as a data entry clerk and retail cashier on the testimony of the VE. (AR 24, 398-399.) However, none of the mental limitations found by Dr. Trevisano were included in the hypothetical to the VE. (AR 399.) It is unclear whether Plaintiff would be able to perform her past relevant work if the ALJ credits Dr. Trevisano's opinion, or alternatively whether there is any work in the national economy which Plaintiff could perform.

The Commissioner contends that the ALJ explained why she was not adopting Dr. Trevisano's opinion in its entirety, that is, because "the treatment records do not show that Plaintiff's mental condition was

consistently at the level opined by Dr. Trevisano." (Joint Stip. 11, citing AR 20.) The Court has thoroughly reviewed the ALJ's entire opinion, including the page cited by the Commissioner, and there is simply no explanation by the ALJ for why she did not adopt any of the marked mental limitations found by Dr. Trevisano. The only specific statement made by the ALJ concerning Dr. Trevisano's opinion is the following: "Dr. Trevisano found that the claimant would have problems with concentration, persistence and pace. While Dr. Trevisano did opine that the claimant would be 'hard to employ' this statement is given little weight considering that Dr. Trevisano is not a vocational expert qualified to testify as to the employability of the claimant." (AR 23.) However, this hardly explains why the ALJ seemingly adopted Dr. Trevisano's opinion about Plaintiff's mental illness but then failed to include any of the mental limitations found by Dr. Trevisano in the RFC assessment.

    The Commissioner posits various other reasons for the ALJ's rejection of Dr. Trevisano's opinion. For example, the Commissioner argues that Dr. Trevisano's opinion was contradicted by other medical evidence in the record, such as the reviewing psychologist's opinion, and that Dr. Trevisano's opinion was cursory and unsupported by any objective testing. (Joint Stip. 12-14.) Although these may be legitimate reasons for rejecting Dr. Trevisano's opinion, they are not reasons provided by the ALJ herself. The Court may review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

//
//

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett*, 340 F.3d at 876 (remanding case for reconsideration of credibility determination).

Here, the ALJ failed to explain with sufficient specificity the reasons for failing to include in the RFC assessment the significant mental limitations found by the examining psychologist. Accordingly, the case is reversed and remanded for further proceedings consistent with this opinion and order.

DATED: April 7, 2011

_____
Marc L. Goldman
United States Magistrate Judge